BOUTALL, Judge.
Plaintiff, Carol Johnson Toth, appeals a judgment dismissing her suit for personal injuries resulting from an interseetional collision. We affirm. The basic issue is credibility of the witnesses.
*606 The undisputed facts are that Carol Johnson Toth was driving her vehicle in Jefferson Parish south on Causeway Blvd. into the intersection of Causeway with Veterans Memorial Blvd. At the same time Sgt. Joseph M. Behrens was driving his police vehicle east on Veterans Memorial Blvd., and when the two vehicles reached the southwest quadrant of the intersection, they collided. The traffic flow at that intersection was regulated by lighted semaphore signals. There was construction work under way at that intersection due to the preliminary phases of construction of an overpass over the intersection on Causeway. There were numerous barricades in the area, consisting of black and white boards held on tripods delineating the areas where work was in progress, and diverting traffic from those areas. The collision occurred approximately 9:30 at night, and there was no active construction work being done at that time.
Each driver contends that the light was green in his favor and that the other driver had a red light requiring that vehicle to stop. Additionally, driver Behrens contends that there was a malfunction of the signal light at that time. As a result of this the defendant police officer and his insurer filed third party pleadings against the Parish of Jefferson and its insurer, and the plaintiff brought suit against both the policeman driver and the Parish of Jefferson, as well as their insurers.
The issue presented is a classic case of credibility of the witnesses. Driver Toth contends that she entered the intersection on the green light and in corroboration produced two witnesses occupying another vehicle at the intersection, who supported her testimony that the light was green for her and red for the police vehicle. In defense of this, the defendants produced the testimony of Sgt. Behrens, the driver, that the light was green for him, and he is supported by the testimony of an off-duty policeman who was at the southeast quadrant of the intersection. Behrens also testified that there was some malfunction of the light, and this was supported by the testimony of the deputy who investigated the accident and again noticed a very quick change in sequence of the lights. The trial judge resolved the issue by finding that plaintiff Toth was guilty of negligence in failing to stop for a red signal light, and dismissed plaintiff’s suit against the defendant driver. In considering the liability of the Parish of Jefferson, the court found as a fact that there was no malfunction of the electric semaphore light at the intersection and dismissed the pleadings against that defendant.
The latest expression of the duty of appellate courts in reviewing and evaluating the trial court judgment is found in the case of Arceneaux v. Domingue, 365 So.2d 1330 (La.Sup.Ct.1978). In that case the court referred to its previous holding in the case of Canter v. Koehring, La., 283 So.2d 716, 724:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.”
The court went on to explain this to mean that:
“ * * * We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).” 365 So.2d 1333.
We find that the record does reveal a reasonable factual basis for the finding of the trial court and that that finding is not clearly wrong (manifestly erroneous). There is little in the way of factual demonstrative evidence to resolve the conflict and testimony. What little there is supports the finding of the trial judge. There was a conflict between the testimony of the parties as to the speed of the vehicles, and the *607 point of collision between them. From the resting places of the vehicles, and the physical damage inflicted on each, we conclude that it is more reasonable to believe that the police vehicle was proceeding slowly rather than rapidly as stated by plaintiff, and that the vehicles collided at the point of the respective front fenders rather than broadside as stated by plaintiff. Additionally, there is the conceded factor that two or three vehicles (presumably police vehicles) passed in front of plaintiff’s car before she proceeded into the intersection and this collision ensued. Plaintiff and her witnesses testified that these cars did not have flashing lights and sirens in operation. Yet it is clearly established that the police vehicles were proceeding on an emergency call, and the driver of one of those vehicles who returned to the scene to investigate the accident, testified that all had flashing lights and sirens. It is more reasonable to conclude that these police vehicles answering the emergency call were in fact using their flashing lights and sirens, and at the same time one could conclude that Sgt. Behrens, who was a supervisor and was not imposed with the duty of answering the emergency, would be proceeding slower and not using his lights and sirens. Indeed he testified that the proceeding vehicles had passed him up shortly before. These conclusions tend to support the finding of the trial judge and we find no manifest error in his ruling.
For the reasons above assigned, the judgment appealed is affirmed.

AFFIRMED.